IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

KENNETH KOLLECKER,

        Plaintiff,

v.                                            No. CIV 08-428 BB/WDS

CITY OF ESPAÑOLA, JOSEPH MAESTAS, Mayor of the City of Española and in his individual capacity, ALICE LUCERO, ALFRED HERRERA, ROSARIO (CHAYO) GARCIA, DENNIS TIM SALAZAR, CECILIA LUJAN, HELEN CAIN SALAZAR, EDDIE MAESTAS, DANIELLE DURAN, City Councilors and in their individual capacities, and JAMES IVAN GUILLEN, Acting City Manager,

        Defendants.

## MEMORANDUM OPINION
## IN SUPPORT OF RULE 12 DISMISSAL

THIS MATTER is before the Court on Defendants' *Motion to Dismiss the Amended Complaint* [doc. 14], and Plaintiff having failed to respond, the Court finds the *Motion* is well taken and should be Granted.

### *Discussion*

Defendants filed their motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)((6) on June 20, 2008. Plaintiff failed to file a response and under the local rule is deemed to "consent to grant the motion." D.N.M.LR-Civ. 7.1(b). In any event, without a response, Defendants' arguments are supported by fact and law.

*Facts*

After Mayor Maestas and the Española City Council ("individual Defendants") did not reappoint him to the position of Personnel Director for the City of Española ("City"), Plaintiff Kenneth Kollecker sued them. Plaintiff's amended complaint seeks relief under 42 U.S.C. § 1983 as well as state law. Plaintiff's essential claim is that he was not renewed because he spoke out against the administration. However, all the allegations underlying the counts interrelate, so the complaint lends itself to unified Rule 12(b)(b) analysis.

*Legal Standard*

On a Rule 12(b)(6) motion to dismiss, this Court's task is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish ... entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). All well-pleaded allegations must be accepted and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007). These standards require that a complaint set forth "more than labels and conclusions" or "formulaic recitation[s] of the elements." *Id.* at 1965. Otherwise, the trial court's function is not to weigh potential evidence or guess what the parties may present at trial, but to assess whether plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

*Qualified Immunity*

"[P]rior to filing an [answer] a defendant can challenge a complaint by filing ... a motion to dismiss ... if the plaintiff has failed to come forward with ... allegations that establish that the defendant has violated clearly established law. *Sawyer v. County of Creek*, 908 F.2d 663, 665 (10th Cir. 1990); *accord Butler v. Rio Rancho Public Schs. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003). To analyze whether the defense applies, the Court "first must determine whether [Plaintiff] has sufficiently alleged that the [individual Defendants] violated a statutory or constitutional right." *Butler v. City of Prairie Village*, 172 F.3d 736, 745 (10th Cir. 1999). Dismissal is appropriate where a defendant is immune from suit, *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hospital District*, 353 F.3d 832, 838 (10th Cir. 2003), or an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

    *Count 1:*    *Violation of Plaintiff's Right to Freedom of Speech*

The recent Supreme Court opinion in *Garcetti v. Ceballos*, 547 U.S. 410 (2006), applies when a public employee, such as Plaintiff, alleges that he lost his job as a result of exercising his right of free speech. The rule is as follows: "{W]hen public employees speak 'pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes and the Constitution does not insulate their communications from employer discipline.'" *Casey v. West Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1328 (10th Cir. 2007) (quoting *Garcetti*). "'Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created.'" *Id.* (again quoting *Garcetti*); *McGee v. Public Water Supply*, 471 F.3d 918 (8th Cir.

2006). The relevant inquiry, then, is whether the plaintiff spoke pursuant to his or her official duties, as compared to a private citizen speaking upon a matter of public concern "on his or her own time." *Casey*, 473 F.3d at 1331; *see also Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1203 (10th Cir. 2007) (question is one of law for the court to resolve).

In this case, the factual allegations of the complaint do not identify any specific instances of speech. Instead, Plaintiff generally alleges that

> 19.  As Human Resources Director, [he] was frequently asked to speak publicly on matters concerning union issues, union contract negotiations and a pay plan for employees.
>
> 20.  By speaking, in accordance with his views and personnel position on matters of public concern [he] incurred the personnel animosity of various members of Española's current governing body whenever he addressed issues related to union negotiations.
>
> 21.  {He] spoke at public meetings addressing his position concerning union contracts, pay plans and matters which Defendant Joseph Maestas had opposing views and political commitments.
>
> 22.  In a proper time, place and manner ... in his individual capacity as a citizen of Española, [he] brought to the attention of the public, the employees of the City and the city council that Mayor Maestas' plan to adopt a union contract was fiscally reckless and ignored merit based increases or promotions.

(Am. Compl. at 4).

A natural reading of the allegations leads to the conclusion that on the occasions when Plaintiff spoke publicly on union issues, he did so by virtue of his position as Personnel Director and in that capacity only. To the extent that Plaintiff intersperses references to "his views" or "his position," such references, along with the allegations of paragraph 22, are properly disregarded. These appear to be nothing more than an attempt to skirt *Garcetti*. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1092 (7th Cir. 2008) ("Ms. Tamayo cannot escape the strictures

4

of *Garcetti* by including in her complaint the conclusory legal statement that she testified 'as a citizen ... outside the duties of her employment ....  A plaintiff cannot rely on 'labels and conclusions.'"

> *Count II:*     *Violation of Plaintiff's Right to Hold Political Positions and Associate Freely with Persons of Similar Persuasions*

When a public employee, such as Plaintiff, alleges that his political beliefs and associations cost him his job, the principles enunciated in *Elrod v. Burns*, 427 U.S. 347 (1976) (plurality opinion), and *Branti v. Finkel*, 445 U.S. 507 (1980), apply.  "Under that line of cases, public employees receive First Amendment protection from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance." *Barker v. City of Del City*, 215 F.3d 1134, 1137 (10th Cir. 2000) (internal quotation marks & citation omitted).  The right protects the freedom to associate with others for the common advancement of shared beliefs, but not the right to hold or promote individual beliefs.  *Elrod*, 427 U.S. at 357; *accord Jantzen v. Hawkins*, 188 F.3d 1247, 1252 (10th Cir. 1999).  Moreover, if loyalty to an administration's views is required for effective performance of a position, no First Amendment violation occurs if a public employee is discharged for not supporting those views.  *Brammer-Hoelter*, 492 F.3d at 1203; *Green v. Henley*, 924 F.2d 185 (10th Cir. 1991).

Under Count II, Plaintiff, in boilerplate fashion, alleges that "he associated with other employees opposed to this regime," and that the governing body terminated his employment because of "his political views and his association with others of similar persuasion."  Plaintiff also admits that Defendants ended his employment on account of "his association with political viewpoints opposed to [those of] the mayor[] and his slate[]."  (Am. Compl. ¶ 28). And, according to Plaintiff, views that he held on these issues came into conflict with those held by the

5

individual Defendants when they were operating City government. Plaintiff, as the City's Personnel Director, publicly criticized Defendants' positions on union contract and employee pay plan issues. Plaintiff even basically recognizes he left the new administration with little political option but to replace him. (*Id.* ¶¶ 19-22).

*Count III:     Breach of Contract*

Plaintiff alleges three types of breaches of his employment contract with the City. Paragraph 56 distills the alleged breaches. Therein Plaintiff alleges: "The defendant's governing body breached the city's contract with [him] under the city's merit system by terminating [his] employment without action by the city manager, without cause, and without written notice reciting the reasons for this action or any other notice." (Am. Compl.). However, Plaintiff was exempt from the dismissal protection of the City's merit system ordinance. NMSA 1978 § 3-13-4 (1999 Repl. Pamp.); Esp. Ord. 2-74.

*Count IV:     Due Process*

No procedural due process claim lies unless the plaintiff possesses a protected property interest in his or her employment. "[P]roperty interests are not created by the Constitution, but by existing rules or understandings that stem from independent sources ... that secure certain benefits and that support claims of entitlement to those benefits." *Darr v. Town of Telluride*, 495 F.3d 1243, 1251 (10th Cir. 2007) (internal quotation marks & citation omitted); *see also Campbell v. Mercer*, 926 F.2d 990, 993 (10th Cir. 1991). Plaintiff's position was not, however, covered by the City's merit system, meaning that he was not entitled to the notice and the hearing rights claimed in his complaint. As an employee occupying an exempt position, Plaintiff could be terminated without notice or a hearing. *See Morgan v. McCotter*, 365 F.3d 882, 885

(10th Cir. 2004) (plaintiff held an "exempt" position, "meaning that an individual occupying that position is essentially an at-will employee, and as such may be terminated without cause at any time"); *see also Board of Regents v. Roth*, 408 U.S. 564, 567 (1972).

*Plaintiff's claims against the City and the individual Defendants in their official capacities derivatively fail*

Plaintiff also sued the City and the individual Defendants in their official capacities. Plaintiff, in relevant part, alleges that "[t]he acts complained [of]" in his amended complaint (Am. Compl. ¶ 5) were those of the individual Defendants. A plaintiff suing a municipality under section 1983 for the acts of [its agents] must prove: (1) that [the agents] committed a constitutional violation, and (2) that a municipal policy ... was the moving force behind the constitutional deprivation." *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). But "[a] municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993); *accord Jiron v. City of Lakewood*, 392 F.3d 410, 419 n. 8 (10th Cir. 2004). As discussed, there is no valid constitutional claim advanced.

Count V:     Prima Facie Tort

Plaintiff has not alleged intent to harm of any sort, much less facts indicating that Defendants intended to maliciously harm him. This is necessary to support a prima facie tort claim. *Celnik v. Congregation B'nai Israel*, 131 P.3d 102, 107 (N.M. App. 2006). Moreover, Defendants are immune from liability for prima facie tort under the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1 to -29 (1996 Repl. Pamp.). Plaintiff suggests no applicable waiver of this immunity. *See, e.g., id.* § 41-4-4 (2008 Repl. Pamp.) (broadly granting immunity to

governmental entities and public employees and limiting exceptions thereto). For all of these reasons, this count should also be dismissed.

In this case, because Plaintiff's allegations fail to establish a constitutional violation by the individual Defendants, Plaintiff's section 1983 claims against the City and individual Defendants in their official capacities also fail. *See, e.g. Bryson v. Gonzales*, 2008 WL 2877474 (10th Cir.); *Milligan-Hitt v. Board of Trustees of Sheridan County Sch. Dist. No. 2*, 523 F.3d 1219 (10th Cir. 2008). To the extent that Plaintiff's state law claims extend to the City and the individual Defendants in their official capacities, the same can be said, warranting dismissal of any such claims as well.

_____
**BRUCE D. BLACK**
**United States District Judge**